861 F.2d 265
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ronald McGILL, Plaintiff-Appellant,
v.
Lt. ARMSTRONG; Kannapolis Police Department, Defendants-Appellees.
 No. 88-6018.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 27, 1988.
Decided: Oct. 11, 1988.
 
 Ronald McGill, appellant pro se.
 John R. Boger, for appellees.
 Before MURNAGHAN, SPROUSE and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff, Ronald McGill, appeals the district court's judgment denying him relief under 42 U.S.C. Sec. 1983. McGill contends that the warrant on which his arrest for obtaining property by false pretenses was based was unsupported by probable cause. Because the record does not reflect that the facts known to the officer who applied for the warrant were presented to the magistrate, we cannot determine whether the warrant was supported by probable cause. Therefore we vacate the district court's decision and remand for further proceedings.
 
 
 2
 Pursuant to a warrant procured by defendant Grady L. Armstrong, Deputy Sheriff of Cabarrus County, plaintiff was arrested on a charge of obtaining property by false pretenses in violation of N.C.Gen.Stat. Sec. 14-100.[1] According to the warrant, plaintiff "did present to K-Marts of Kannapolis a check on the account of Scorpio Enterprises & Investment and payable to Ronald McGill in the amount of $190 for goods received knowing at the time that the check was no good." Both in the district court and on appeal, McGill argues that there was no probable cause to charge him with a violation of Sec. 14-100 because an offense is not committed under that section by the simple passing of a worthless check. See State v. Hopkins, 70 N.C.App. 530, 320 S.E.2d 409 (1984). The district court rejected this argument, finding that the evidence available to defendant Armstrong gave him probable cause to believe that plaintiff committed the felony of obtaining money by false pretenses.
 
 
 3
 Although a warrantless arrest of a person in a public place is valid if the arresting officer has probable cause to believe the person committed the offense,[2] United States v. Watson, 423 U.S. 411 (1976), the record in this case does not establish that McGill was arrested in a public place.[3] A warrant is required, absent exigent circumstances, for entry into a person's home to effect an arrest. Payton v. New York, 445 U.S. 573 (1980). Therefore, assuming McGill was arrested in his home, Officer Armstrong's possession of facts establishing probable cause would not cure any fourth amendment problems arising out of the alleged lack of probable cause to support the warrant.
 
 
 4
 In passing on the sufficiency of the information to support the issuance of a warrant, the reviewing court may consider only information brought to the attention of the magistrate. See United States v. Jacobsen, 466 U.S. 109, 112 n. 2 (1984). The record in this case does not reflect what information was relayed to the magistrate to justify issuance of the warrant. Without knowing what information was before the magistrate at the time he issued the warrant, the district court could not have determined that the warrant was supported by probable cause.
 
 
 5
 Accordingly, the decision of the district court is vacated, and the case is remanded for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 [1]
 Section 14-100 of the General Statutes of North Carolina provides in pertinent part:
 If any person shall knowingly and designedly by means of any kind of false pretense whatsoever ... obtain or attempt to obtain from any person within this State any money, goods, property, services, chose in action, or other thing of value with intent to cheat or defraud any person of such money, goods, property, services, chose in action or other thing of value, such person shall be guilty of a felony, and shall be punished as a Class H felon.
 
 
 [2]
 In the event of a warrantless arrest the fourth amendment does require that a magistrate determine probable cause promptly after the arrest if the person is to be detained or his liberty otherwise restricted. See Gerstein v. Pugh, 420 U.S. 103, 125 (1975). Here, McGill posted bond and was released the day after his arrest with the only condition being that he appear in court
 
 
 [3]
 The return of service on the warrant indicates that McGill resides at 601-1 West Boulevard and that he was arrested at West Boulevard and Terminal Road. Whether execution of the warrant at West Boulevard and Terminal Road was, in fact an execution of the warrant by arresting McGuill, at his home, we cannot determine